**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**MARVIN L. SMITH,**

      **Petitioner,**

**v.**                                      **CIVIL ACTION NO. 5:07cv81**
                                                        **(Judge Stamp)**

**WARDEN HUTTONSVILLE CORRECTION CENTER,**

      **Respondent.**

## REPORT AND RECOMMENDATION
## 28 U.S.C. § 2254

### I. Procedural History

On June 19, 2007, the *pro se* petitioner, a state prisoner filed a petition for Writ of Habeas Corpus. On July 5, 2007, he was granted leave to proceed *in forma pauperis*. This matter is pending before me for initial review and report and recommendation pursuant to Standing Order of Reference for Prisoner Litigation Filed Pursuant to 28 U.S.C. §2254 (Standing Order No. 5), LR PL P 83.13.

### II. Material Facts[1]

On November 16, 1995, the petitioner was found guilty by a jury in the Circuit Court of Kanawha County of three counts of sexual assault. On July 31, 1996, the petitioner was sentenced to three concurrent indeterminate terms of ten years to twenty fives years.(Doc. 16-2, p.2). The sentencing order gave the petitioner credit for 732 days served in jail prior to the date he was

---

[1] On May 17, 2007, the petitioner filed a Petition for Habeas Corpus raising the same claim as raised herein as well as some additional claims. The respondent was ordered to file an answer and did so by filing a Motion to Dismiss with supporting exhibits. Accordingly, the document citations contained in this Report and Recommendation refer to Civil Action No. 1:07cv67.

sentenced. (Id.). Based on his effective sentence date of July 19, 1994, the petitioner's minimum discharge date was January 27, 2006.[2]

On September 23, 1997, the petitioner violated established disciplinary rules by committing "assault and/or battery" on a nurse at the Mount Olive Correctional Complex. The petitioner was found guilty after a disciplinary proceeding and lost 365 days of good time credit. (Doc. 16-2. Pp. 8-13).

On August 8, 2005, the petitioner was released on parole. One of the conditions of his parole was to register as a sex offender. (Doc. 16-2, p. 17). The petitioner remained on parole status until July 11, 2006, when an arrest warrant for violation of his parole was issued. The petitioner received sentence credit for the 337 days he was out on parole and deemed to be serving his sentence. However, while he was out on parole from August 8, 2005 to July 11, 2006, the petitioner did not earn 337 days of good time credit towards his maximum sentence.[3]

On July 11, 2006, the Commissioner of Corrections issued a warrant for the petitioner's arrest on parole violation charges. (Doc. 16-2, p.22). The petitioner was subsequently arrested in Florida, waived extradition, and was returned to West Virginia on December 10, 2006, to face

---

[2]Under West Virginia Code, § 28-5-37, an inmate may earn one day of good time credit for every day deemed spent serving time under the inmate's sentence. For an indeterminate sentence, good time credit is deducted only from the maximum sentence and does not serve to reduce the minimum sentence or initial parole eligibility date. W.Va. Code, § 28-5-27(b). An inmate who earns a day of good time credit for every day spent serving his sentence will be able to discharge his sentence in half the time of his maximum sentence. Therefore, in petitioner's case, the earliest date he could have discharged his maximum sentence of twenty-five years would have been after serving 12 ½ years of his sentence, assuming a maximum award of good time credits.

[3]Under West Virginia Code, § 28-5-27(c), "[n]o inmate may be granted any good time for time served either on parole or bond or in any other status whereby he or she is not physically incarcerated."

parole violation charges. (Doc. 16-2, pp. 25-27). From July 12, 2006, to December 10, 2006, the petitioner was not credited with any incarceration time towards his maximum sentence or any corresponding good time credit. (Doc. 16-2, p. 20).[4]

On January 19, 2007, the petitioner's paroled was revoked. (Doc. 16-2, p. 29). As of December 10, 2006, the date the petitioner was returned to West Virginia and the custody of the Division of Corrections, he had accumulated the following time towards his maximum twenty-five years or 9131.25 days[5]:

1. 4,028 days of jail/incarceration time for the period 7/29/94-8/8/05;

2. 3,365 days of good time credit for the period 7/29/94-8/8/05, which is 4,028 days minus the 365 days he lost for the disciplinary infraction on September 23, 1997;

3. 337 days on parole from 8/8/05-7/11/06.

This credited time towards the petitioner's sentence totaled 8,028 days. Therefore, when the petitioner returned to prison on December 10, 2006, he still had 1,102.25 days to serve on his maximum sentence of twenty-five years. If he earned all future day for day good time, the petitioner needed to serve 5551.625 days of incarceration to discharge his sentence. Again, assuming he does not lose any additional good time for violation of prison disciplinary rules, he will finish serving those remaining 551.625 days on June 13, 2008.

## II. Discussion

**A. One Year Period of Limitation Under 28 U.S.C. § 2244(d)(1)**

---

[4]Under West Virginia Code, § 62-12-19(f), "a warrant filed by the commissioner shall stay the running of his or her sentence until the parolee is returned to the custody of the Division of Corrections and physically in West Virginia."

[5]To arrive at the days, the years are multiplied by 365.25.

In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ["AEDPA"] was enacted, establishing a one-year limitation period within which to file any federal habeas corpus petition. 28 U.S.C. §2244(d) specifically provides that a 1-year limitation shall apply to an application of habeas corpus by a person in custody pursuant to the judgment of a State Court. This one year limitation period applies to all applications for a writ of habeas corpus, including challenges regarding good time credits. See Wade v. Robinson, 327 F.3d 328 (4th Cir. 2003).

Section 2244(d)(1) provides that the period of limitation will begin to run from the latest of four dates:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2244(d)(1); Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002); Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000).

Although the petition in this matter is far from clear, it appears that the petitioner believes that the Division of Corrections did not award him the 731 days good conduct time to correspond

4

with the 731[6] days of jail credit that the sentencing judge awarded him at his sentencing on July 31, 1996. This issue was the subject of a habeas corpus action in the Circuit Court of Kanawha County that was dismissed in 2005. The dismissal was upheld by the West Virginia Supreme Court on November 29, 2005. ((Doc. 16-3). Under 28 U.S.C. §2244(d)(2), any tolling period as to this claim ended on November 29, 2005, when the West Virginia Supreme Court of Appeals denied his petition for appeal of the dismissal of his habeas petition in the Circuit Court of Kanawha County. Because the petitioner did not file his pending federal habeas petition until May 1, 2007, this claim is clearly outside the one year limitation period and should be dismissed.

### III. Recommendation

Based on the foregoing, it is recommended that the petition (Doc. 1) be **DISMISSED WITH PREJUDICE.**

Any party may file, within ten (10) days after being served with a copy of this Recommendation, with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Frederick P. Stamp. Jr., United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgement of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984)

---

[6]As noted earlier in this Report-Recommendation, the sentencing judge actually awarded the petitioner 732 days of jail credit for time served in jail prior to his sentencing date of July 31, 1996.

5

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last know address as shown on the docket sheet.   .

Dated:   May 22, 2008

 /s/ James E. Seibert
**JAMES E. SEIBERT**
**UNITED STATES MAGISTRATE JUDGE**