IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

MARVIN L. SMITH,

    Petitioner,

v.                                        Civil Action No. 5:07CV81
                                                          (STAMP)
WARDEN, HUTTONSVILLE
CORRECTIONAL CENTER,

    Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I.  Background

The pro se[1] petitioner, Marvin L. Smith, an inmate at the Huttonsville Correctional Center, in Huttonsville, West Virginia, was convicted on three counts of sexual assault and was sentenced on July 31, 1996 by the Circuit Court of Kanawha County, West Virginia to three concurrent indeterminate terms of imprisonment of ten to twenty-five years. The petitioner filed a state habeas corpus petition challenging the calculation of his good-time credit. The Circuit Court of Kanawha County dismissed that petition in 2005. On November 29, 2005, the West Virginia Supreme Court of Appeals denied his appeal of the lower court's ruling dismissing the habeas action.

On June 19, 2007, the petitioner filed the current petition before this Court under 28 U.S.C. § 2254 for a writ of habeas

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed. 2009).

corpus by a person in state custody.  As his sole ground for relief, the petitioner asserts that he was wrongfully denied 731 days of good-time credit.

Pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B) and Local Rule of Prisoner Litigation Procedure 83.09, et seq., this case was referred to United States Magistrate Judge James E. Seibert for an initial review and for a report and recommendation on disposition of this matter. Magistrate Judge Seibert issued a report and recommendation recommending that the respondent's motion to dismiss be granted, and that the petitioner's § 2254 petition be denied and dismissed with prejudice because it is untimely.  The magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations within ten days after being served with a copy of the magistrate judge's recommendation.  The petitioner filed timely objections.  For the reasons set forth below, this Court finds that the report and recommendation of the magistrate judge should be affirmed and adopted in its entirety.

## II.  Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made.  As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous."  See Webb v. Califano, 468 F.

Supp. 825 (E.D. Cal. 1979). Although the petitioner filed objections in this case, his objections address only the merits of his asserted claim; they do not address the magistrate judge's findings on the timeliness of the habeas petition before this Court. Because the no objections were raised on the timeliness issue, which the magistrate judge found dispositive, this Court reviews the magistrate judge's report and recommendation for clear error.

### III. Discussion

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") imposes a one-year limitation period within which any federal habeas corpus motion must be filed. 28 U.S.C. § 2244(d). Specifically, the AEDPA provides, in pertinent part, that:

The limitation period shall run from the last of:

A. the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

B. the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

C. the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

D. the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d). The magistrate judge applied the statute of limitations to the present case and found that the petitioner failed to file his federal habeas petition within the prescribed time limit. Specifically, the magistrate judge found that the petitioner's federal habeas petition is untimely because the petitioner filed his federal habeas petition on June 19, 2007,[2] approximately nineteen months after the petitioner's time to file a federal habeas petition expired on November 29, 2006.

In his objections, the petitioner argues only that the magistrate judge erred in the calculation of the petitioner's good-time credit. He raises no objection relating to the running of AEDPA's one-year statute of limitations for filing a federal habeas petition. The running of the statute of limitations bars any relief sought. The magistrate judge's findings concerning the statute of limitations are not clearly erroneous. Therefore, the report and recommendation will be affirmed and adopted in its entirety.

IV. Conclusion

Because the plaintiff's objections relate only to the calculation of good time credit, not to the running of the statute of limitations, and because this Court finds that the magistrate judge's finding regarding the untimeliness of the petitioner's

---

[2] Although page five of the report and recommendation incorrectly states the filing date as May 1, 2007, the first page notes the correct filing date of June 19, 2007. The error on page five does not affect the analysis or the outcome of this action.

4

petition is not clearly erroneous, the report and recommendation of the magistrate judge is hereby AFFIRMED and ADOPTED in its entirety.  Accordingly, for the reasons set forth above, the respondent's motion to dismiss the petition as untimely filed is GRANTED, and the petitioner's § 2254 petition is DENIED and DISMISSED WITH PREJUDICE.  It is ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se petitioner and to counsel of record herein.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:    July 2, 2009

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE